FILED
United States Court of Appeals
Tenth Circuit

November 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEE R. SNIDER,

Defendant-Appellant.

No. 11-5113
(D.C. No. 4:06-CR-00136-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **GORSUCH**, Circuit Judges.

Lee R. Snider pleaded guilty, pursuant to a plea agreement, to conspiracy to launder money in violation of 18 U.S.C. § 1956(h). The district court sentenced him to fifty-seven months of imprisonment. Although the plea agreement stated that Mr. Snider waived his right to appeal his conviction and sentence, he nonetheless filed a notice of appeal seeking to appeal his sentence.

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Relying on our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), the government has moved to enforce the plea agreement's appeal waiver. Mr. Snider concedes that the plea agreement waived his right to appeal his sentence and that the appeal therefore must be dismissed. More specifically, he concedes, and upon our independent review we agree, that (1) his "appeal falls within the scope of the waiver of appellate rights"; (2) he "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325.

Accordingly, we GRANT the motion to enforce and DISMISS this appeal.[1]

ENTERED FOR THE COURT

PER CURIAM

---

[1] We remind the government that its motion to enforce "must include copies of the plea agreement and copies of transcripts for both the plea hearing and the sentencing hearing." 10th Cir. R. 27.2(A)(2).

-2-